IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01623–CMA–KMT

GARY WOODROW FLANDERS,

    Plaintiff,

v.

REBECCA SNYDER BROMLEY, Colorado Fourth Judicial District Judge, in her individual and official capacity, and
THE STATE OF COLORADO,

    Defendants.

---

**RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE**

---

This case involves claims that Defendants violated Plaintiff's United States Constitutional rights. This matter is before the court on Defendants' "Motion to Dismiss for Lack of Jurisdiction." (Doc No. 23, filed Sep. 23, 2009 [hereinafter " Mot."].) Plaintiff filed a Response on October 14, 2009. (Doc. No. 29 [hereinafter "Resp."].) Defendants filed their Reply on November 3, 2009. (Doc No. 35 [hereinafter "Reply"].) Accordingly, the motion is ripe for the court's review and recommendation. Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

*I.*     *BACKGROUND*

The following facts are taken from Plaintiff's Amended Complaint and the parties' submissions with respect to this Recommendation. Plaintiff, a *pro se* litigant, names as

defendants Rebecca Snyder Bromley, in her individual and official capacity as a judicial officer of the State of Colorado, and the State of Colorado. (Am. Compl. ¶ 4 [Doc. No. 21, filed Sep. 19, 2009].) Plaintiff asserts that he was injured "to the tune of millions of dollars in actual damages," and was injured to the extent his constitutional rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution were violated, as a result of Defendant Bromley's actions and orders in a civil divorce action in Colorado state court. (*Id.* ¶¶ 5, 7.) More specifically, Defendant Bromley presided over a divorce action initiated by Plaintiff's ex-wife. (*Id.* ¶ 13.) Plaintiff's marriage was dissolved on December 11, 2001. (*Id.*) However, the distribution of marital assets was subsequently protracted over nine years, finally culminating in a Final Order entered by Defendant Bromley on November 24, 2008. (*Id.*)

During the litigation pertaining to the distribution of martial assets, Plaintiff asserts that Defendant Bromley engaged in a number of actions, allegedly outside of her jurisdiction, that injured Plaintiff pecuniarily and violated his constitutional rights. (*See id.*) More specifically, Plaintiff alleges that Defendant Bromley (1) issued an order preventing him from speaking to the Internal Revenue Service ("IRS") "or other Federal Agency officers" about his wife's alleged tax fraud, in violation of his First Amendment rights (*id.* ¶¶ 28–34, 56–59); (2) did not have subject-matter jurisdiction to order the liquidation of the assets of Colorado Springs & Eastern Railroad Company (hereinafter "Colorado Springs & Eastern"), a subsidiary of Great Northern Transportation Company (hereinafter "Great Northern") (*id.* ¶¶ 35–40); (3) did not have subject-matter or personal jurisdiction over Great Northern, or its subsidiaries, to allow her to liquidate the corporation and its subsidiaries (*id.* ¶¶ 41–50); (4) failed to report to the IRS that allegedly

2

incorrect tax returns had been filed on behalf of Plaintiff's ex-wife and Great Northern (*id.* at ¶¶ 60–68); (5) entered orders which "set in motion a Federal and State income tax fraud" as to the proceeds from the sale of a Great Northern subsidiary to the City of Colorado Springs (*id.* at ¶¶ 69–76); (6) refused to order Plaintiff's ex-wife to comply with Plaintiff's "numerous requests for production" (*id.* ¶ 79), denied Plaintiff's "four Motions to Compel" (*id* ¶ 80), and ordered some documents pertaining to the divorce proceedings be shredded (*id.*); (7) failed to respond or hold an evidentiary hearing to hear evidence that Plaintiff's ex-wife and her attorney were committing tax evasion and fraud (*id.* ¶¶ 85–93); (8) conspired with Plaintiff's ex-wife and her attorneys to defraud the IRS (*id.* ¶ 95); (9) lacked jurisdiction to reform a 1989 contract pertaining to marital assets (*id.* ¶¶ 103–115); and (10) refused to allow Plaintiff to present documentary evidence that would prove fraud and embezzlement by Plaintiff's ex-wife and her attorneys at a December 20, 2007 hearing (*id* ¶¶ 116–120). Plaintiff also seeks relief against the State of Colorado. (*Id* ¶¶ 47, 51, 56.) Plaintiff seeks damages and declaratory relief. (*See id.*)

Defendants move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on grounds that (1) Plaintiff's claims against Defendant Bromley, insofar as he requests either monetary damages or injunctive relief, are barred by absolute judicial immunity, (2) Plaintiff's claims that Defendant Bromley violated his rights under the First Amendment are time barred under the statute of limitations, (3) Plaintiff's claims for injunctive relief are barred by the Anti-Injunction Act, (4) Plaintiff's claims for declaratory relief are barred insofar as they seek a declaration of past liability, and (5) Plaintiff's allegations of conspiracy and Plaintiff's allegations that Defendant' Bromley violated his right to due process fail to state a claim for

3

relief. (*See* Mot.) Defendants further seek dismissal of Plaintiff's claims against the state of Colorado because they are barred by the Eleventh Amendment. (*Id.* at 16–17.) Finally, Defendants claim, in the alternative, this court should abstain from exercising jurisdiction over Plaintiff's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 12–13.)

## II. LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### C. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## III. ANALYSIS

### A. *Jurisdiction pursuant to the* Younger *Doctrine*

According to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger* abstention is a jurisdictional question. *Stell Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998). A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Weitzel v. Div. of Occupational and Prof'l Licensing.,* 240 F.3d 871, 875 (10th Cir.2001) (internal citations omitted). If these conditions are met, abstention is nondiscretionary and must be invoked, absent extraordinary circumstances. *Id.* The *Younger* doctrine applies regardless of whether the plaintiff is seeking injunctive, declaratory, or monetary relief. *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

The three *Younger* conditions are met in this case. First, although the posture of the state court proceedings is not entirely clear from the parties' briefing, the parties agree that the

divorce case is still pending before the Colorado Court of Appeals. (Am. Compl ¶ 27; Mot. at 14; Resp. at 11.) Second, beyond his general disagreement with Defendant Bromley's decisions, Plaintiff fails to demonstrate in his pleadings that the state courts are not an adequate forum to hear his constitutional challenges to Defendants Bromley's actions pursuant to the divorce proceedings. *Chapman v. Oklahoma,* 472 F.3d 747, 749 (10th Cir. 2006) (citing *cf. Crown Point I, LLC, v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (holding that state court was inadequate forum where state court held that plaintiff was collaterally estopped from raising constitutional challenges); *Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1274 (10th Cir. 2002) (holding that *Younger* abstention cannot be avoided by purported class action as long as individual relief can be provided by state court)). Finally, "the Supreme Court has long held that '[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Id.* (quoting *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992)). Accordingly, pursuant to *Younger,* the court must abstain from exercising its jurisdiction to hear Plaintiff's claims in this matter.

### B. *Absolute Judicial Immunity*

All of Plaintiff's claims seek either money damages, pursuant to 42 U.S.C. § 1983, injunctive relief, or declaratory relief. (*See* Am. Compl.) Defendants argue that judicial immunity bars any claim against Defendant Bromley for monetary damages or injunctive relief. (Mot. at 5.)

### 1. *Money Damages*

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553–54 (1967). "Absolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978). Judicial immunity "applies even when the judge is accused of acting maliciously or corruptly" as judicial immunity acts for "'the benefit of the public, whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequence.'" *Pierson,* 386 U.S. at 554 (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 349 n.16 (1871)). The common law doctrine of judicial immunity extends to claims of violations of constitutional rights under 42 U.S.C. § 1983. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

A judge will only lose absolute immunity from a section 1983 suit for damages for (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they deal with the judge in his judicial capacity." *Stump*, 435 U.S. at 360.

As to the second exception, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356. A judge does not lose her

immunity for acts that were "merely 'in excess of [her] jurisdiction.'" *Lerwill v. Joslin,* 712 F.2d 435, 439 (10th Cir. 1983); *see also Duty v. City of Sprindale, Ark.,* 42 F.3d 460, 462 (8th Cir. 1994) (a court acts in excess of jurisdiction if the act "is within [her] general power of jurisdiction but is not authorized because of certain circumstances"). Nor will a judge's "commission of grave procedural errors" deprive the judge of immunity. *Stump,* 435 U.S. at 359. Rather, a judge only relinquishes absolute immunity where she acts "clearly without any colorable claim of jurisdiction." *Snell v. Tunnell,* 920 F.2d 673, 686 (10th Cir. 1990) (internal citations omitted); *see also Lerwill,,* 712 F.2d at 438 (a judge is absolutely immune for judicial acts "for which the judge has at least a semblance of jurisdiction").

In this case, Plaintiff has not alleged and it cannot be disputed that Defendant Bromley engaged in anything other than judicial acts. Indeed, Plaintiff's own complaint rebuts any argument to the contrary as he admits that the "the acts alleged are the consequence of Final Orders . . . in a civil divorce action over which she [] presided." (Am. Compl. ¶ 7.)

Instead, in support of his claims for money damages, Plaintiff alleges that Defendant Bromley's actions were taken in the complete absence of either subject-matter jurisdiction, personal jurisdiction, or both. (*Id.* at ¶¶ 29, 36, 42, 66, 70, 78, 89, 97, 109, 120.) Defendants argue that Defendant Bromley was acting "well within her judicial discretion when she made the decisions for which Plaintiff seeks damages" and, as such, that Defendant Bromley is entitled to absolute judicial immunity. (Mot. at 9.)

The court finds that Plaintiff's own allegations in his Amended Complaint rebut any suggestion that Defendant Bromley judicial actions were taken in"taken in complete absence of

10

all jurisdiction." Plaintiff indeed admits in his Amended Complaint that Defendant Bromley had subject-matter jurisdiction over the divorce proceeding. (Am. Compl. ¶ 29, 42.) Thus, even assuming that Defendant Bromley exceeded her jurisdiction in her Final Orders distributing the marital assets or in other judicial actions taken over the course of the divorce proceeding, Plaintiff's own allegations clearly establish that Defendant Bromley was not acting clearly without any colorable claim or semblance of jurisdiction. *See Duty,* 42 F.3d at 462-63 (suggesting that a clear absence of jurisdiction would exist when a court of limited jurisdiction adjudicates a case clearly outside its jurisdiction, "such as when a probate court conducts a criminal trial").

Plaintiff's Second claim, which the court finds to be Plaintiff's most well-pleaded, albeit legally defective, claim, is illustrative as to why Plaintiff's claims for damages must fail. In support of his second claim, Plaintiff contends that Defendant Bromley could not order the liquidation of Colorado Springs & Eastern because the approval of the abandonment of a railroad is within the exclusive jurisdiction of the federal Surface Transportation Board ("STB"). (Am. Compl. ¶ 36.) Assuming Plaintiff is correct that Defendant Bromley infringed upon the jurisdiction of the STB in liquidating Colorado Springs & Eastern, this does not undermine the fact that in doing so, as Plaintiff indeed concedes, Defendant Bromley was acting with a colorable claim of jurisdiction over the divorce proceedings and the distribution of martial assets.

Plaintiff's other claims for damages—specifically, his First, Third, Seventh, Eight, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth claims for relief—are similarly defective insofar as

they rely on either conclusory allegations that Defendant Bromley lacked subject-matter or personal jurisdiction, or are premised upon actions taken y Defendant Bromley in adjudicating the divorce proceeds. *Hall,* 935 F.2d at 1110 ("conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"). Therefore, because Plaintiff's claims for damages are premised upon Defendant Bromley's judicial acts that were not taken in the clear absence of all jurisdiction, Defendant Bromley is entitled to absolute judicial immunity with respect to those claims. Accordingly, the court finds that Plaintiff's First, Second, Third, Seventh, Eight, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth claims, insofar as they seek monetary damages against Defendant Bromley, are properly dismissed.

    2.  *Injunctive Relief*

  Although on their face Plaintiff's Fourth, Fifth, and Sixth claims request declaratory relief, pursuant to Plaintiff's *pro se* status, the court liberally construes these claim to request injunctive relief. More specifically, and consistent with Defendants' treatment of these claims in their Motion (Mot. at 14-15), Plaintiff seeks an order "prohibiting the liquidation and/or distribution of the remaining assets of Great Northern and its subsidiaries" (Am. Comp. ¶ 50), to void the enforcement of Defendant Bromley's order to shred documents (*id.* ¶ 55), and to void Defendant Bromley's "gag order" prohibiting the parties from contacting the IRS (*id.* ¶¶ 56, 59). These claims clearly seek injunctive relief.

  Historically, absolute judicial immunity was "not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen,* 466 U.S. 522, 541-42 1984). However, in 1996, Congress effectively reversed *Pulliam* with the enactment of the

Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983). Section 309(c) of the FCIA bars injunctive relief in any section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."

As outlined above, Plaintiff contests only Defendant Bromley's acts taken in her judicial capacity. Thus, Section 309(c) of FCIA is applicable. The first statutory limitation of FCIA, which permits an injunction if a declaratory decree was violated, does not apply in this case as Plaintiff does not allege, nor does it otherwise appear, that Defendant Bromley violated a declaratory decree. Nor does the second limitation contained within FCIA apply because Plaintiff again does not allege, nor does it otherwise appear, that declaratory relief was unavailable to Plaintiff. Thus, pursuant to 42 U.S.C. § 1983, as amended by FCIA, judicial immunity extends to Plaintiff's claims against Defendant Bromley for injunctive relief. Accordingly, Plaintiff's Fourth, Fifth, and Sixth claims, insofar as they seek injunctive relief, are properly dismissed.

### B. *Declaratory Relief Based on Past Liability*

Although Plaintiff's Fourth, Fifth, and Sixth claims are properly dismissed insofar as they ostensibly seek injunctive relief, Plaintiff also facially seeks declaratory relief as to those claims. (Am. Compl. ¶¶ 50, 55, 59.) Defendants argue that to the extent Plaintiff's Fourth, Fifth, and Sixth claims seek declaratory relief, they are barred because they seek "retrospective relief." (Mot. at 15.)

A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold,* 271 F. App'x 763, 766 (10th Cir. 2008) (citing *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir.2004)). In this case, it is clear Plaintiff seeks a declaration of past liability. Plaintiff asks this court to find that Defendant Bromley violated his constitutional rights by ordering the liquidation of Great Northern and its subsidiaries, by ordering the shredding of marital documents, and by issuing an order prohibiting the parties from contacting the IRS. Thus, what Plaintiff seeks is a declaration of past liability of Defendant Bromley for her alleged violation of his constitutional rights, and not a declaration of the future rights between him and Defendant Bromley. A declaratory judgment would serve no purpose here and, thus, is not available. *Id.* (in suit seeking to void default judgment as a due process violation, declaratory relief was found to be unavailable as it would be a declaration of past liability). Accordingly, the court finds that Plaintiff's Fourth, Fifth, and Sixth claims, insofar as they seek declaratory relief against Defendant Bromley, are properly dismissed.

### C. *Eleventh Amendment Sovereign Immunity*

In his Fourth, Fifth, and Sixth claims, Plaintiff seeks declaratory relief and, liberally construing these claims in the same manner as above, injunctive relief against the State of Colorado. (Am. Compl. ¶¶ 49, 51, 56.) Defendants argue that as against the State of Colorado, the claims are barred by sovereign immunity. (Mot. at 16–17.)

"It is well-established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakeable abrogation of such immunity by Congress, the

14

amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health,* 41 F.3d 584, 588 (10th Cir. 1994)*, overruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998)*.* The congressional enactment of section 1983 did not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340–345 (1979). The Eleventh Amendment applies to all suits against the state, and its agencies, regardless of the relief sought. *See Higganbotham v. Oklahoma ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Here Plaintiff has not alleged, nor does it otherwise appear, that the State of Colorado has waived its Eleventh Amendment immunity. Therefore, Plaintiff's claims against the State of Colorado are barred by sovereign immunity. Accordingly, the court finds that Plaintiff's Fourth, Fifth, and Sixth claims for relief, insofar as they seek declaratory and injunctive relief against the State of Colorado, are properly denied.

### D. *Other Grounds for Dismissal*

Because the above analysis provides sufficient grounds for dismissal of all of Plaintiff's claims against both Defendants Bromley and the State of Colorado, the court does not reach Defendants' assertions that (1) Plaintiff's claims that Defendant Bromley violated his First Amendment rights are barred by the statute of limitations, (2) Plaintiff's claims for injunctive relief are barred by the Anti-Injunction Act, and (3)Plaintiff's claims for conspiracy and due process violations fail to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, this court

RECOMMENDS that the Amended Complaint and this action be dismissed in its entirety, without prejudice.[1]

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

---

[1] *See Craig v. United States,* 340 F. App'x 471, 478 (10th Cir. 2009) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2009)) (holding that a dismissal for lack of jurisdiction should be without prejudice "because the court, having determined that it lacks jurisdiction over the case, is *incapable* of reaching a disposition on the merits of the underlying claim") (emphasis in original).

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of April, 2010

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge