IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-01623-CMA-KMT

GARY WOODROW FLANDERS,

    Plaintiff,

v.

REBECCA SNYDER BROMLEY, Colorado Fourth Judicial District Judge,
    in her individual and official capacity, and
THE STATE OF COLORADO,

    Defendants.

---

## ORDER ADOPTING AND AFFIRMING APRIL 9, 2010 RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the April 9, 2010 Recommendation by Magistrate Judge Tafoya (Doc. # 37) that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 23) be granted. Plaintiff objects to this Recommendation. (Doc. # 44.) In light of Plaintiff's objections, the Court has conducted the requisite *de novo* review of the issues, recommendation, and objections.

For the reasons stated below, the Court ADOPTS and AFFIRMS the Magistrate Judge's recommendations.

## I. BACKGROUND

The facts are detailed in the Recommendation (Doc. # 37), which the Court incorporates herein. The Court will provide a short recap of only those facts that are necessary to the Court's analysis.

On September 9, 2009, Plaintiff, a *pro se* litigant, filed his First Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, naming as defendants the State of Colorado and Rebecca Snyder Bromley, both in her individual capacity and in her official capacity as a judicial officer of the State of Colorado. (Doc. # 21.) Defendant Bromley presided over Plaintiff's divorce and subsequent nine year distribution of marital assets. (*Id.,* ¶ 13.) Plaintiff alleges that Defendant Bromley (1) issued an order preventing him from speaking to the Internal Revenue Service ("IRS") "or other Federal Agency officers" about his wife's alleged tax fraud, in violation of his First Amendment rights (*id.,* ¶¶ 28–34, 56–59); (2) did not have subject matter jurisdiction to order the liquidation of the assets of Colorado Springs & Eastern Railroad Company ("Colorado Springs & Eastern"), a subsidiary of Great Northern Transportation Company ("Great Northern") (*id.,* ¶¶ 35–40);[1] (3) did not have subject matter or personal jurisdiction over Great Northern, or its subsidiaries, to allow her to liquidate the corporation and its subsidiaries (*id.,* ¶¶ 41–50); (4) failed to report to the IRS that allegedly incorrect tax returns had been filed on behalf of Plaintiff's ex-wife and Great Northern (*id.,* ¶¶ 60–68);

---

[1] Defendant Bromley deemed Great Northern and its subsidiaries to be marital assets in her Final Orders. (Doc. # 23, Ex. A at 9.) Defendant Bromley explained why she determined Great Northern to be a marital asset and distinguished Plaintiff's case from others where corporations were not deemed to be marital assets. (*Id.*)

(5) entered orders which "set in motion a Federal and State income tax fraud" as to the proceeds from the sale of a Great Northern subsidiary to the City of Colorado Springs (*id.,* ¶¶ 69–76); (6) refused to order Plaintiff's ex-wife to comply with Plaintiff's "numerous requests for production" (*id.* ¶ 79), denied Plaintiff's "four Motions to Compel" (*id.,* ¶ 80), and ordered some documents pertaining to the divorce proceedings be shredded (*id.*); (7) failed to respond or hold an evidentiary hearing to hear evidence that Plaintiff's ex-wife and her attorney were committing tax evasion and fraud (*id.,* ¶¶ 85–93); (8) conspired with Plaintiff's ex-wife and her attorneys to defraud the IRS (*id.,* ¶ 95); (9) lacked jurisdiction to reform a 1989 contract pertaining to marital assets (*id.,* ¶¶ 103–115); and (10) refused to allow Plaintiff to present documentary evidence that would prove fraud and embezzlement by Plaintiff's ex-wife and her attorneys at a December 20, 2007 hearing (*id.,* ¶¶ 116–120).  Plaintiff also seeks relief against the State of Colorado.  (*Id.,* ¶¶ 47, 51, 56.)  Plaintiff filed thirteen claims, ten seeking damages and three seeking injunctive or declaratory relief.  (*See id.*)

On September 18, 2009, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. # 23.)  On October 14, 2009, Plaintiff filed a Response to Defendants' Motion to Dismiss.  (Doc. # 29.)  On November 3, 2009, Defendants filed a Reply Brief in Support of their Motion to Dismiss.  (Doc. # 35.)

Defendants moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on grounds that (1) Plaintiff's claims against Defendant Bromley, insofar as he requests either monetary damages or injunctive relief, are barred by

3

absolute judicial immunity; (2) Plaintiff's claims that Defendant Bromley violated his rights under the First Amendment are time barred under the statute of limitations; (3) Plaintiff's claims for injunctive relief are barred by the Anti-Injunction Act; (4) Plaintiff's claims for declaratory relief are barred insofar as they seek a declaration of past liability; and (5) Plaintiff's allegations of conspiracy and Plaintiff's allegations that Defendant Bromley violated his right to due process fail to state a claim for relief. (*See* Doc. # 23.) Defendants further seek dismissal of Plaintiff's claims against the State of Colorado because they are barred by the Eleventh Amendment. (*Id.* at 16–17.) Finally, Defendants assert that, in the alternative, this court should abstain from exercising jurisdiction over Plaintiff's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 12–13.)

On April 9, 2010, Magistrate Judge Tafoya filed a Recommendation to the Court, recommending that the Court dismiss Plaintiff's claims. (Doc. # 37.) Plaintiff subsequently filed Objections to the Recommendation. (Doc. # 44.)

## II. STANDARD OF REVIEW

### A. REPORT AND RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."

4

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

**B.    *PRO SE* PLAINTIFF**

The Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**C.    MOTION TO DISMISS**

Defendant filed its motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1):

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted). Moreover, it is the plaintiff's burden to demonstrate that the Court has subject matter jurisdiction over the complaint. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Defendants also requested dismissal pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. The Court, however, need not address the Defendants' argument for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because dismissal is proper, on several grounds, under Fed. R. Civ. P. 12(b)(1).

### III.  ANALYSIS

Although Defendants assert several grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Magistrate Judge recommends that this matter be dismissed without prejudice on the grounds of the *Younger* abstention doctrine, absolute judicial immunity, declaratory relief based on past liability, and Eleventh Amendment sovereign immunity. Plaintiff concedes the State of Colorado is immune under the Eleventh Amendment. (Doc. # 44 at 4-5.)

Plaintiff objects to dismissal pursuant to the *Younger* abstention doctrine and absolute judicial immunity. The court has conducted the requisite *de novo* review and addresses both issues below.

### A. THE *YOUNGER* ABSTENTION DOCTRINE

According to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present federal constitutional challenges. The *Younger* abstention doctrine is rooted in Federalism, i.e., the idea that "National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. Whether a court should abstain is a jurisdictional question. *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998).

Pursuant to this doctrine, a federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state proceeding, (2) the state court provides an adequate forum to hear the claims raised, and (3) important state interests are involved in the state proceeding. *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001). When these conditions are met, abstention is non-discretionary, absent extraordinary circumstances. *Id.* The Magistrate Judge found that the three conditions of the *Younger* abstention doctrine are met in this case.

Plaintiff does not object to the Magistrate Judge's conclusions regarding the first[2] and third[3] conditions of the *Younger* abstention doctrine; however, Plaintiff objects to the

---

[2] The first condition, requiring an ongoing state proceeding, is clearly met because Plaintiff's divorce case is still pending. (Doc. # 21 ¶ 27; Doc. # 23 at 14.)

[3] The third condition, requiring that important state interests are involved in the state proceeding, is also met. The Supreme Court has held that "[t]he whole subject of domestic relations of husband and wife . . . belongs to the laws of the States and not the laws of the United States." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). A divorce proceeding clearly falls within the realm of domestic relations.

Magistrate Judge's finding regarding the second condition of *Younger* abstention – that the state court provides an adequate forum to hear his claims. (Doc. # 44 at 5.) Plaintiff contends that the relief available in federal court is preferable to that in state court, *i.e.*, Plaintiff admits that his constitutional claims can be heard in the state court proceeding, but he is not satisfied with the relief available there. In particular, Plaintiff argues that "relief in the Colorado Court of Appeals may resolve the constitutional issues to Defendant Bromley's decisions; however, they are not able to do more than reverse her judgments . . . ." (*Id.*) The requirement under *Younger*, however, is only that the forum be adequate to hear the claim, not that the relief afforded in that forum be "adequate" in Plaintiff's view. In the context of the *Younger* abstention doctrine, "adequate" means that the claims asserted in federal court could be raised in the state forum. *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (holding that *Younger* abstention is appropriate when a federal plaintiff can pursue those claims in an ongoing state proceeding); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"); *see also Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citing *cf. Crown Point I, LLC, v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211 (10th Cir. 2003) (holding a state court was an inadequate forum when a plaintiff was collaterally estopped from raising

constitutional challenges)). Therefore, because the state court is an adequate forum to hear Plaintiff's claims, the second condition of *Younger* abstention is met.

Although the original *Younger* holding was limited to the proposition that injunctive relief was subject to abstention, the Tenth Circuit has expanded the doctrine to include declaratory and monetary relief as well: "The Supreme Court [has] held 'the same equitable principles relevant to the propriety of an injunction [apply] to . . . a declaratory judgment . . . . [W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well.'" *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (quoting *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)).

Plaintiff argues that the Magistrate Judge erred in her conclusions regarding his claims for declaratory relief, pursuant to 28 U.S.C. § 2201. These claims for declaratory relief include requests to (1) prohibit the liquidation and distribution of remaining assets of Great Northern and its subsidiaries; (2) void an order to shred documents; and (3) void an alleged "gag order" issued by Defendant Bromley. Plaintiff specifically argues that his claims for declaratory relief are not retrospective, however, this argument is not relevant to *Younger* abstention analysis. Plaintiff seeks declaratory relief, which is subject to *Younger* abstention, therefore, it is not necessary to consider whether the declaratory relief requested is retrospective.

Similarly, with respect to Plaintiff's claim for monetary damages, although the Supreme Court has not decided whether the *Younger* abstention doctrine applies to

9

monetary relief, the Tenth Circuit has held that abstention is proper in damages suits because the federal court would still need to determine whether a plaintiff's constitutional rights were violated, thus, having the same practical effect on the state proceeding as the injunctive relief barred in *Younger*. *Id.* (citing *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004)). Therefore, *Younger* abstention applies to Plaintiff's claims for monetary relief.

Because the three conditions of *Younger* abstention are met, and abstention applies to all forms of relief Plaintiff is seeking, this Court must abstain from hearing all thirteen of Plaintiff's claims.

Generally the Court would address only the *Younger* abstention doctrine because, pursuant to *Younger*, the Court does not have subject matter jurisdiction over Plaintiff's claims at this time. However, in the interests of judicial efficiency and economy, the Court believes it is a useful exercise for it to let Plaintiff know that if the Court did have jurisdiction, the Plaintiff's claims against Defendant Bromley would be dismissed with prejudice pursuant to the doctrine of absolute judicial immunity.

**B.     ABSOLUTE JUDICIAL IMMUNITY**

Defendants also assert that Plaintiff's claims are barred by absolute judicial immunity. Historically, judicial immunity applied differently to claims for damages than claims for injunctive or declaratory relief. While the Court finds that all of Plaintiff's claims are barred by judicial immunity, for clarity, the Court will consider them separately.

1. <u>Damages</u>

Ten of Plaintiff's claims seek damages from Defendant Bromley. As stated by the Supreme Court, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)). The purpose of absolute judicial immunity is to allow the judiciary to act upon its convictions without fear of personal consequences. *Id.* at 355. Despite its name, absolute judicial immunity is not absolute. It does not extend to: (1) non-judicial actions or (2) actions taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

As to the first exception, a determination as to whether an action is judicial "relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Plaintiff does not allege that Defendant Bromley's actions were non-judicial acts. Instead, Plaintiff argues that the second exception applies, contending that Defendant Bromley acted in a complete absence of jurisdiction.

The standard for a complete absence of jurisdiction, however, is difficult to meet. A judge's action will not diminish his or her immunity if it "was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at

11

356-57; *see also Lerwill v. Joslin*, 712 F.2d 435, 439 (10th Cir. 1983) (stating that a judge is immune from actions taken in excess of [her] jurisdiction). An act in excess of jurisdiction is one in which a judge generally has jurisdiction, but because of certain circumstances in a particular case, does not. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Conversely, an act in clear absence of jurisdiction can be found when "a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction . . . ." *Id.*

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. For example, in *Mireles*, the Supreme Court held judicial immunity was proper where a judge allegedly ordered police officers "to forcibly and with excessive force seize and bring [a] plaintiff into his courtroom." *Mireles*, 502 U.S. at 10, 13. To further illustrate the broad scope of immunity, in *Stump*, the Supreme Court held that a judge was not acting in a complete absence of jurisdiction by hearing and approving a petition by a mother to have her fifteen year old sterilized. *See Stump*, 435 U.S. at 357, 359-60 (stating that a judge presiding in a court of general jurisdiction is not liable for damages resulting from procedural errors he may have committed).

In Plaintiff's Objection, he argues that Defendant Bromley's actions were in complete absence of jurisdiction when she allegedly exercised jurisdiction over Great

12

Northern without serving them, acted outside of her limited jurisdiction,[4] admitted she had no jurisdiction,[5] and usurped the jurisdiction of the Surface Transportation Board[6]. (Doc. # 44 at 6-7.)

Plaintiff argues that Defendant Bromley was exercising jurisdiction over Great Northern, thereby acting in complete absence of jurisdiction. (Doc. # 44 at 7-8.) The Court disagrees. Defendant Bromley, in her judicial capacity, exercised jurisdiction over Plaintiff and Plaintiff's ex-wife, while distributing marital assets. While Plaintiff contends that Great Northern was not served, the company is not a party in the state proceeding, and Defendant Bromley was not exercising jurisdiction over Great Northern, rather, she was exercising jurisdiction over the parties' interest in Great Northern, which interest she deemed to be a marital asset.

---

[4] Plaintiff contends that Defendant Bromley's jurisdiction was limited to divorce proceedings between Plaintiff and his ex-wife. (Doc. # 44 at 7.) Plaintiff's contention rests upon the Magistrate's example of a clear absence of jurisdiction, resulting when a probate court conducts a criminal trial. (*Id.* at 7 (objecting to Doc. # 37 at 11).) However, Colorado state district courts are courts of general jurisdiction. *See* Colo. CONST. art. VI, § 9. A court of general jurisdiction has the "authority to hear a wide range of cases, civil or criminal, that arise within its geographic area." BLACK'S LAW DICTIONARY 384 (2d pocket ed. 1996). A divorce proceeding is proper in a court of general jurisdiction, therefore, Defendant Bromley, in her capacity as a Colorado state court judge, has jurisdiction over the divorce and distribution of marital assets. As such, this case does not involve a complete absence of jurisdiction.

[5] Plaintiff also contends that Defendant Bromley admitted that she did not have jurisdiction. (Doc. # 44 at 2.) However, because Great Northern was deemed to be a marital asset (Doc. # 23 Ex. A at 9), and Defendant Bromley has jurisdiction to distribute marital assets, Defendant Bromley was not acting in complete absence of jurisdiction.

[6] Plaintiff contends that Defendant Bromley usurped the jurisdiction of the Surface Transportation Board. (Doc. # 44 at 7.) Even if Defendant Bromley exceeded her jurisdiction, judicial immunity still applies. *See Stump*, 435 U.S. at 355-56. Additionally, if Defendant Bromley made an error in judgment, judicial immunity still protects her from these claims. *See id.* at 356-57.

In light of the broad scope of judicial immunity, the Court concludes that Defendant Bromley was not acting in complete absence of jurisdiction over the divorce proceedings and distribution of marital assets. Even if Defendant Bromley overreached her jurisdiction by ordering the dissolution of Great Northern or its subsidiaries, she is still immune because actions taken in excess of jurisdiction are protected by judicial immunity.

2. Injunctive and Declaratory Relief

As discussed earlier, Plaintiff seeks injunctive and declaratory relief in three of his claims. (Doc. # 44, ¶¶ 47-59.) Plaintiff contends that absolute judicial immunity does not insulate judges from injunctive relief. (Doc. # 44 at 4.) Historically, this was true. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (holding that absolute judicial immunity was not a bar to injunctive relief against a judge acting within her judicial capacity); *see also Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 735 (1980) (stating that the Supreme Court has "never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief"). However, in 1996, Congress effectively reversed *Pulliam* by enacting the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983). *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008). Section 309(c) of the FCIA bars injunctive relief in any section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." If these specific circumstances do not exist in a §

1983 action, absolute judicial immunity bars claims for injunctive relief. *Lawrence*, 271 F. App'x at 766 n.6.

Therefore, Plaintiff's reliance on two cases that were decided prior to the revision of 42 U.S.C. § 1983 is misplaced. Those cases are not applicable because "the doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well." *Id.* Section 309(c) of FCIA applies here because Plaintiff objects to actions by Defendant Bromley while acting in her judicial capacity. Neither exception applies. First, Defendant Bromley did not violate a declaratory decree, nor does Plaintiff contend that she did. Second, Plaintiff does not allege, nor does it appear, that declaratory relief was unavailable to Plaintiff in the state proceeding. Therefore, pursuant to section 309(c) of FCIA, judicial immunity would apply to bar Plaintiff's claims for injunctive relief against Defendant Bromley.

## IV. CONCLUSION

Because the *Younger* abstention doctrine applies, IT IS ORDERED as follows:

1. Plaintiff's objections (Doc. # 44) are OVERRULED;

2. The Recommendation of the United States Magistrate Judge (Doc. # 37) is APPROVED AND ADOPTED as an Order of this Court;

3. Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE due to lack of subject matter jurisdiction.

DATED: June __30__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge